RAMÓN MONTANER, MANAGER, ETC., Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; ANGEL SUÁREZ HNOS., INC., Employer, Petitioner before the Industrial Commission.

No. 223. Argued July 15, 1941.—Decided August 2, 1941.

*George A. Malcolm, Attorney General, Emilio de Aldrey, Assistant Attorney General,* and *Víctor J. Vidal González, Legal Adviser of the State Insurance Fund,* for appellant. *Enrique Igaravídez* for the employer.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The facts in the instant case, in regard to which there is no controversy, are as follows:

Angel Suárez Hnos., Inc., a corporation, ever since 1935–36 has been insured with the State Insurance Fund as a permanent employer. On July 15, 1939, said corporation filed with the Manager of the State Fund a payroll of salaries

paid by it from July 1, 1938, to June 30, 1939. Using such payroll as a basis, the. manager liquidated the policy for the year 1938–39 and assessed and levied on the corporation the annual premiums corresponding to the fiscal year 1939–40. On August 31, 1939, notice of said taxation was served on the insured who was required to pay the first half-yearly instalment on or before September 10, 1939, and the second, on or before January 2, 1940. The first half-yearly payment was not made until October 24, 1939, that is, one month and fourteen days subsequent to the date set by the manager for effecting the same. The manager made effective policy No. 1327 in favor of Angel Suárez Hnos., Inc., as of the date of the receipt of the first half-yearly payment, October 24, 1939. Prior to said payment, or on August 23, 1939, the employer notified the manager that one of his workmen had had an accident while working, and the manager, taking into account that the premium had not yet been paid, decreed that the accident was one suffered by a workman of an uninsured employer and collected from the corporation the sum of $6.50 to cover such accident.

The second half-yearly payment having been· made on January 3, 1940, the employer's attorney wrote to the manager, on May 20 of the same year, a letter in which he stated:

"I understand, of course, that as my client paid the whole premium for the semester in question (July to December, 1939), and as it also paid the second semester from January to June of the current year 1940, it is entitled, pursuant to the provisions of Sections 24, 29, and other related sections of Act No. 45, of 1935, to be credited, during the following year, with a proportionate part of the premium corresponding to the semester from June to December 1939, which my aforesaid client paid in full, although its coverage against industrial accidents was assessed by you as of the date of payment, October 24, 1939 (see also *Miró* v. *Industrial Commission,* 56 P.R.R. 121)."

The manager in his reply stated that, according to his interpretation of the law, it is the duty of employers to pay for accidents that might occur during the time of their default in the payment of the premium, and also the premium previously assessed upon the total of wages paid by the employer during the previous fiscal year.

An appeal was taken by the employer from the ruling of the manager to the Industrial Commission and the latter, on April 18, 1941, reversed the decision appealed from and rendered another granting the petition of Angel Suárez Hnos., Inc., and refused afterwards to reconsider its decision. Thereupon the manager took the present appeal, and in support thereof he urges that the commission erred (1) in conferring on the employer the right to become his own insurer during, the period from July 1 to October 24, 1939; (2) in holding that, according to Section 25 of the Workmen's Compensation Act, an employer is entitled to reimbursement for an insurance premium paid during a period of time in which he was not insured; and (3) in declaring that the provisions of the aforesaid act, do not impose on an employer who fails to timely pay the insurance premiums, the obligation to pay the same and in addition thereto, as a penalty, the cost and disbursements for accidents which may have occurred to his. employees during the time that he was in default. We will consider these assignments together.

 The Workmen's Accident Compensation Act, approved April 18, 1935 (Session Laws, p. 250), established in Puerto Rico a compulsory and exclusive insurance system for compensating workmen and employees who may be injured, become disabled, or die as the result of industrial accidents. Under section 18 thereof, every employer who employs more than four workmen "shall be obliged to insure said workmen or employees in the State Insurance Fund, the compensation that they should receive for injury, etc.'' Failure to comply with the above obligation will render him. liable for misdemeanor (section 17).

Section 25 directs the Manager of the State Fund to assess and levy on every employer covered by the act *annual premiums* on the total amount of wages paid by said employer to his workmen during the year prior to the levying of the premiums. The same section provides that the premiums shall be collected *semi-annually in advance,* and provides further:

". . . *Should an employer fail to pay* the total amount of the premiums legally levied on him *within the time fixed by the Manager,* the latter may grant an extension of thirty (30) days so that the employer may make the payment, *which payment shall be an indispensable requirement so that the Manager may make any insurance policy effective.*

" * * * * * * *

"*Any employer subject to the provisions of this Act during any part of a semester shall pay the premium for the whole of said semester,* but he shall be entitled to such reimbursement, if any, as provided in the following section: . . . . ." (Italics ours.)

Section 26 prescribes the procedure to be followed by the manager at the end of each fiscal year for the liquidation of the policies and readjustment of the premiums. If the payroll for the last year is less than that of the preceding year, which served as a basis for assessing and collecting the premiums, the manager shall refund the difference to the employer; otherwise he shall collect any additional necessary premiums.

Section 27 provides, among other things, that the insurance of each employer shall become effective immediately after the filing of the payroll or duplicate statement, together with the amount of the premiums corresponding to the percentage of the wages declared in said statement, in accordance with the rates fixed by the manager,—

". . . . *Provided,* That any accident that occurs before payment of said premiums is made shall be considered *as a case of uninsured employer, unless the employer pays within the term fixed by the*

*Manager of the State Fund, in which case, the insurance shall begin to run from the date on which the employer filed the payroll or statement in the office of the Manager."* (Italics ours.)

The foregoing statutory provisions are so clear that their application to the facts of the instant case offers no difficulty. The employer duly filed, on July 15, 1939, the statement of wages and salaries paid during the previous fiscal year, 1938–39. In compliance with his duty, the manager assessed the premiums for the year 1939–40, and granted the employer until September 10, 1939, to make the first half-yearly payment. The insured failed to apply for an extension of the term fixed by the manager, allowed the said term to expire, and finally paid the amount of the first half-yearly premium 45 days after the expiration of such term, that is, on October 24, 1939.

From a consideration of the facts and circumstances above set forth and of the statutory provisions applicable to the same, we must hold: That as the payment of the premiums within the term fixed by the manager is an indispensable requisite to enable the manager to make effective any insurance policy, the policy in the case at bar became effective on October 24, 1939, when the first half-yearly payment was made; that as the accident occurred on August 23, 1939, before the first half-yearly payment for 1939–40 was made, and as such payment was not effected within the term fixed by the manager, which expired on September 10, 1939, said accident is and must be considered as one pertaining to an uninsured employer; and, finally, that the employer is not entitled to the refund sought by him, first, because under section 25, *supra,* the payment of premiums must be made for full semesters, and, second, because the only refund that the manager is empowered to make is the one that, according to section 26, *supra,* must be made at the end of each year for the liquidation of policies and readjustment of premium rates.

The employer in the instant case could have rendered his policy effective from the filing of the payroll by paying the premiums within the term fixed by the manager or within any extension thereof that the latter might have granted. He failed to do so and must, therefore, suffer the consequences of his delay in making such payment.

The decision appealed from must be reversed and the petition in question denied.

Mr. Justice De Jesús took no part in the decision of this case.